BAUCH & MICHAELS, LLC, et al.,

    Appellants,

  v.

MARTHA MEIER,

    Appellee.

No. 15 CV 8812

Judge Manish S. Shah

**MEMORANDUM OPINION AND ORDER**

Robert Meier converted his Chapter 11 bankruptcy petition to one under Chapter 7. During the nine months between the initial petition and the conversion, Meier did not make payments that he owed to his ex-wife under their divorce settlement. The missed payments amounted to $300,000, and Martha Meier (now Maggiore) filed a claim in the bankruptcy case. The bankruptcy court allowed the claim, giving it priority status as an unsecured claim for "domestic support obligations" owed to a former spouse. *See* 11 U.S.C. § 507(a)(1)(A). The attorneys who provided certain legal services to the debtor—and have their own claim against the bankruptcy estate—objected to Maggiore's claim. The bankruptcy court overruled the objection, and the lawyers now appeal.[1]

The history is a bit more complicated. The couple entered into a marital settlement agreement in 2010. Meier agreed to pay Maggiore $4 million in spousal support, payable in monthly installments of $33,333.34 over ten years. The

---

[1] The bankruptcy court's factual findings are reviewed for clear error and its legal conclusions are reviewed de novo. *In re Jepson*, 816 F.3d 942, 945 (7th Cir. 2016).

agreement was incorporated into a judgment for dissolution of marriage. In March 2014, a dispute between Meier and a business partner ended in a jury verdict against Meier, with over $10 million in punitive damages assessed against him. Meier filed for Chapter 11 bankruptcy on March 20, 2014. In the Chapter 11 case, Maggiore filed a claim for $2.33 million in remaining payments under the marital settlement agreement (up to that point, Meier had paid Maggiore $1.67 million). The bankruptcy court disallowed this claim; it held that payments due after the date of the bankruptcy petition were unmatured domestic support obligations. 11 U.S.C. §§ 502(b)(5), 523(a)(5).[2]

Meier controlled his assets as a debtor-in-possession, but did not make his monthly spousal support payments. Then, nine months after filing for bankruptcy protection, Meier converted his case to a Chapter 7 proceeding. Maggiore filed an amended claim. This time, instead of claiming the entirety of the spousal support due in the future, Maggiore claimed the $300,000 in missed payments between March and December 2014. The bankruptcy court allowed this claim. It reasoned that the missed payments now amounted to a matured, past-due claim for spousal support; and even though the obligations were not mature at the time of the bankruptcy petition, they would be treated as if they were because of 11 U.S.C.

---

[2] Domestic support obligations are not dischargeable in bankruptcy. 11 U.S.C. § 523(a)(5). A spouse who is owed support from a debtor can still pursue the debtor post-bankruptcy. Moreover, the automatic stay does not prohibit a spouse from collecting domestic support obligations from property that is not bankruptcy-estate property and withholding income for payment of court-ordered domestic support obligations. 11 U.S.C. § 362(a), (b)(2)(B), (b)(2)(C). But domestic support obligations are also given priority if they are allowed claims. 11 U.S.C. § 507(a)(1)(A). Claims, in general, are allowed unless an exception applies, and there is an exception for nondischargeable debts that are "unmatured on the date of the filing of the petition." 11 U.S.C. § 502(b)(5).

§ 348(d). That statute says, "A claim against the estate or the debtor that arises after the order for relief but before conversion . . . shall be treated for all purposes as if such claim had arisen immediately before the date of the filing of the petition."[3] Maggiore's claim for $300,000 was now an unsecured claim for domestic support no longer subject to the exception in § 502(b)(5) because the debt had matured. The bankruptcy court gave the claim priority over other creditors' claims—including the appellants'.

Appellants understandably do not want the bankruptcy estate to be reduced by $300,000 for a debt that is not dischargeable, while they fall behind in priority and may never be made whole if Meier gets his fresh start. They argue that § 348(d) does not save Maggiore's claim because it did not "arise" post-petition, pre-conversion. The spousal support claim arose, according to appellants, when Meier and Maggiore signed their marital support agreement in 2010—indeed Maggiore must have thought so too because she initially filed a claim for the entirety of remaining payments.

A "claim" is a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." 11 U.S.C. § 101(5)(A). "[T]he date of a claim is determined by the date of the conduct giving rise to the claim." *Saint Catherine Hosp. of Indiana, LLC v. Indiana Family & Soc. Servs. Admin.*, 800 F.3d 312, 315 (7th Cir. 2015). "The determination of what conduct

---

[3] The commencement of a voluntary case, here, Meier's Chapter 11 petition, is "an order for relief." 11 U.S.C. § 301(b).

gives rise to a claim will vary depending on the nature of the liability, be it tort, contract, or tax." *Id.* at 316. "[C]ontractual liability is generally thought to arise on the date a contract is signed." *Id.* If Maggiore's claim for $300,000 in missed support payments is best understood as a contractual liability, then it did not "arise" during the post-petition, pre-conversion period, and the concerns addressed in § 348(d) are not at play here.

The bankruptcy court held that the conduct giving rise to Maggiore's claim for $300,000 was not just the marital settlement agreement but also Meier's failure to make payments. Meier was required to pay by court order (the judgment for dissolution of marriage that incorporated the couple's settlement agreement) and Illinois law treats such court-ordered obligations as a series of judgments. *See* 750 ILCS 5/504(b-7). In that sense, Maggiore's claim was based on Meier's post-petition, pre-conversion conduct, and her right to payment was fixed, matured, and reduced to judgment. Ordinarily, the operative date for a claim should be the earliest date possible, to bring as many claims as possible within the bankruptcy case. *See Saint Catherine Hosp.*, 800 F.3d at 317. Courts should not lose sight of the breadth of the definition of "claim" and the difference between the enforceability of a claim and the claim's contingent existence at an earlier moment in time. Nevertheless, I conclude that the bankruptcy court's approach was correct. The claim for missed payments was different than the contract claim for the entire spousal support amount; Maggiore's amended claim arose from her right to past-due payments under the

4

contract as incorporated into a judgment.[4] Until the due date of a monthly payment, there was no such judgment under 750 ILCS 5/504(b-7), and Maggiore's claim had not arisen. Characterizing the claim as one for missed payments defines it narrowly—and is in some tension with the notion that the couple's obligations were determined at the signing of their contract—but has the advantage of being more precise and consistent with the bankruptcy code's treatment of domestic support obligations as different than other types of liabilities.[5] The missed-payments claim did not arise until after Meier failed to pay.

The claim, therefore, arose after Meier filed his bankruptcy petition and before he converted the case from Chapter 11 to Chapter 7. The bankruptcy court correctly applied § 348(d) and treated the claim for all purposes as if it were a pre-petition claim. Section 348(d) transported Maggiore's claim with all its attributes—including its status as a mature claim for past-due support payments—to the moment in time immediately before Meier's petition. The claim for $300,000 was then entitled to first priority under § 507(a)(1)(A).

---

[4] The Illinois statute applies to any existing maintenance order. 750 ILCS 5/504(b-7). Appellants do not dispute that the marital settlement agreement, as incorporated into the judgment for dissolution of marriage, is an existing maintenance order.

[5] The sky would not fall if a court adopted appellants' approach. The debtor's support obligations would not be discharged and the automatic stay would not enjoin the spouse from going after certain assets. But the better approach is one that encourages prompt payment of fixed domestic-support obligations because that was the policy choice enacted by Congress in § 507(a)(1)(A). Appellants do not argue that Maggiore's amended claim was untimely or that allowing such claims would increase uncertainty or otherwise burden the administration of bankruptcy proceedings.

5

The bankruptcy court's decision to allow Martha Meier's claim for $300,000 in missed domestic support payments is affirmed.

ENTER:

*Manish S. Shah*
United States District Judge

Date: 9/6/2016